**Philip R. WORKMAN**

v.

**Dr. Bruce LEVY, et al.**

**No. 3:01–0296.**

United States District Court,
M.D. Tennessee,
Nashville Division.

March 29, 2001.

the imminent execution.

---

2. The Court finds that the remaining criteria for a TRO weigh in favor of Workman, due to

Donald Edward Dawson, Nashville, TN, for plaintiff.

Lora A. Barkenbus, Karl Dean, Nashville, TN, Joseph F. Whalen, III, Nashville, TN, for defendant.

## ORDER

CAMPBELL, District Judge.

Pending before the Court is Plaintiff's Motion for Preliminary Injunction (Docket No. 3). Plaintiff, because of his religious beliefs, asks this Court to enjoin Defendants from performing an autopsy on his body. For the reasons stated herein, Plaintiff's Motion is GRANTED.

In determining whether to issue a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court is to consider: (1) whether the movant has shown a strong or substantial likelihood of success on the merits; (2) whether irreparable harm will result without an injunction; (3) whether issuance of a preliminary injunction will result in substantial harm to others; and (4) whether the public interest is advanced by the injunction. *Michigan State AFL—CIO v. Miller,* 103 F.3d 1240, 1249 (6th Cir.1997).

The Court finds that Workman has shown a strong or substantial likelihood of success on the merits. Specifically, the Court finds that Workman's religious beliefs, as expressed in his January 29, 2001 Declaration, outweigh Defendants' interest in conducting an autopsy. When an inmate has a sincerely held religious belief, before the government may substantially burden the exercise of that belief, it must demonstrate that the action to be taken which will infringe the religious belief is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that interest. *United States v. Hammer,* 121 F.Supp.2d 794, 802 (M.D.Pa.2000).

In *Hammer,* the decision to conduct an autopsy, by state statute, was left to the discretion of the county coroner. *Id.* at 801. The court found that one reason to disturb that discretion was Mr. Hammer's sincerely held religious belief opposing autopsies. *Id.* To the extent Defendants assert authority to perform an autopsy of Workman pursuant to Tennessee Code Annotated, Section 38–7–106, the Court notes that that statute is discretionary, not mandatory. Defendants have not shown a compelling state interest sufficient to outweigh Workman's religious rights.

In addition, it is undisputed that irreparable harm will result if the injunction is not granted. The Court finds that issuance of this injunction will not result in substantial harm to others and that the public interest is advanced by the protection and respect of religious beliefs covered by the First Amendment.

It is therefore ORDERED, pursuant to Federal Rule of Civil Procedure 65, that Defendants and their officers, agents, employees, servants, attorneys, and all persons in active concert or participation with them, are hereby enjoined and restrained from performing an autopsy on the body of Philip R. Workman, pending further order of the Court.

This preliminary injunction is effective upon its issuance on March 29, 2001, at 4 p.m.

Nothing herein prevents the external examination of Workman's body by Defendants after the scheduled execution, if otherwise authorized by law.

IT IS SO ORDERED.